**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERONICA PIETROWSKI,

    Plaintiff,

v.                                                                   Case No. 06-CV-12718

MERCHANTS and MEDICAL
CREDIT CORPORATION, INC.,

    Defendant.
                                                /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION IN LIMINE"**

On June 22, 2006, Plaintiff Veronica Pietrowski filed suit against Defendant Merchants and Medical Credit Corporation, Inc., alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. One of Plaintiff's claims alleges that she suffered emotional damages from Defendant's harassing phone calls. (*See generally* Pl.'s Compl.) On March 23, 2007, the court entered a stipulated order of dismissal, dismissing with prejudice Plaintiff's emotional damages claim. (3/23/07 Order.)

On July 10, 2007, Defendant filed its "Motion in Limine," seeking (1) to exclude testimony by any witness regarding emotional damages allegedly suffered by Plaintiff and (2) to prevent testimony regarding statements made by Plaintiff concerning conversations with agents of Defendant, because this testimony would constitute hearsay and is not covered by any exception to the rule against hearsay. (*See generally* Def.'s Mot.) Plaintiff has filed no response to Defendant's motion.

The court finds that Defendant's arguments are meritorious. Testimony regarding Plaintiff's emotional damages should not be permitted given that Plaintiff's emotional damages claim has been dismissed. Any such testimony would be irrelevant and unfairly prejudicial to Defendant. *See* Fed. R. Evid. 401, 403. Furthermore, any testimony concerning statements made during conversations between Plaintiff and Defendant's agent, except by the parties who actually participated in the conversation, would violate the rule against hearsay.[1] *See* Fed. R. Evid. 801, 802. The court will thus grant Defendant's unopposed motion in limine. Accordingly,

IT IS ORDERED that Defendant's "Motion in Limine" [Dkt. # 25] is GRANTED. Should this matter proceed to trial, the court will not permit testimony from any witness regarding Plaintiff's alleged emotional damages, nor will it permit Plaintiff's witnesses from testifying regarding Plaintiff's statements concerning conversations with Defendant's agents.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2007

---

[1] As Defendant points out, and the court agrees, "Plaintiff can testify regarding her conversations with Ms. Middleton [Defendant's agent] because such statements are admissible under the party-opponent exception to the hearsay rule." (Def.'s Mot. at 5.) Likewise, Defendant's agent is also permitted to testify regarding statements Plaintiff made to her.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2007, by electronic and/or ordinary mail.

                                                       s/Lisa G. Wagner
                                                      Case Manager and Deputy Clerk
                                                      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12718.Pietrowski.OrderGrantingMotInLimine.wpd

3