**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VERONICA PIETROWSKI,

    Plaintiff,

v.                                                          Case No. 06-CV-12718

MERCHANTS AND MEDICAL CREDIT
CORPORATION

    Defendant.
                                                 /

**OPINION AND ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND GRANTING DEFENDANT'S PETITION FOR ATTORNEY FEES**

Pending before the court are cross-petitions for attorney's fees and costs filed by Plaintiff Veronica Pietrowski on November 27, 2007 and Defendant Merchants & Medical Credit Corporation on December 5, 2007. The petitions have been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the following reasons, the court will grant Defendant's petition and deny Plaintiff's petition.

**I. BACKGROUND**

This dispute stemmed from Defendant Merchants and Medical Credit Corporation's attempts to recover Plaintiff's outstanding debt for hospital services. In an effort to collect Plaintiff's obligations, Defendant made several phone calls to Plaintiff's place of employment. On June 22, 2006, Plaintiff filed against Defendant alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "the act"). 15 U.S.C. § 1692. Plaintiff initially sought statutory, emotional and financial damages as a

result of Defendant's conduct. Subsequently, after Plaintiff refused to produce medical records, Magistrate Judge Steven D. Pepe granted Defendant's motion to compel their production. In the wake of this order, Plaintiff agreed to simply dismiss her emotional distress counts with prejudice.

On July 17, 2007, less than a month after Plaintiff filed the complaint, Defendant made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $1,000.00. Defendant specified that $500 was to represent Plaintiff's alleged damages and $500 was to represent attorney fees. Plaintiff rejected this offer and the case went before a jury on November 14 and 15, 2007. After deliberation, the jury found that Defendant had violated the FDCPA in two instances: contacting Plaintiff at work after being instructed not to do so and making deceptive or misleading statements in connection with the collection of debt. However, the jury found that Defendant had made a bona fide error with respect to the making of false or deceptive statements and, with respect to contacting Plaintiff at work, the jury awarded Plaintiff "zero" in damages.

On November 27, 2007, Plaintiff filed a petition for $30,640.75 in attorney's fees and $590.75 in costs as the prevailing party. On December 5, 2007, Defendant brought a petition seeking recovery of over $45,000 in costs and fees.

## II. PLAINTIFF'S PETITION

### A. Standard

Under the "American Rule," unless Congress provides otherwise parties to a litigation are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise,

2

parties are to bear their own attorney fees."). Plaintiff relies on language in the FDCPA to support her request. Under the FDCPA,

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and
>
> . . .
>
> (3) **in the case of any successful action to enforce the foregoing liability**, the costs of the action, together with reasonable attorney's fees as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k (emphasis added).

## B. Discussion

### 1. "Successful Action"

Plaintiff argues that because the jury found that Defendant had violated the FDCPA, she has maintained a "successful action" under the FDCPA and is therefore entitled to all of her attorney's fees. There is a disagreement among the circuits regarding what constitutes a "successful action" under the FDCPA. *See e.g.*, *Dechert v. Cadle Co.* 441 F.3d 474, 476 (7th Cir. 2006) (holding that a plaintiff can recover attorney's fees and costs only after an award of actual or statutory damages); *Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996) (holding that an award of costs and fees is available only where defendant is liable for actual or additional damages); *but see Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989) (holding that

3

although debtor was not entitled to actual or additional damages, he was still entitled to costs and fees because defendant violated the FDCPA); *Pipiles v. Credit Bureau*, 886 F.2d 22, 28 (2d Cir. 1989) (holding that plaintiff was entitled to award of fees and costs despite failure to establish actual or additional damages). There are no cases directly on point in the Sixth Circuit.

Plaintiff relies on the Second Circuit cases for the proposition that an award of attorney's fees and costs is mandatory upon a finding that a defendant violated the FDCPA, even without an award of statutory or additional damages. *See Emanuel*, 870 F.2d at 809; *Pipiles*, 886 F.2d at 28. These cases reason that "[a] violation of any provision of the FDCPA entitles the debtor to" attorney's fees and costs, whether or not any damages are awarded. *Emanuel*, 870 F.2d at 808-09. Although the court in *Emanuel* determined that Plaintiff was not entitled to either actual or additional damages, it ultimately held that "[Plaintiff] should be awarded costs and attorney's fees; the statute mandates such an award in the case of any successful action." *Id*. at 809 (internal citations omitted). The cases cited by Plaintiff imply that so long as the court finds a violation of the FDCPA, no matter how trivial and regardless of whether damages are awarded, Plaintiff's action is "successful."

Conversely, Defendant relies upon a number of Fifth and Seventh Circuit cases for the proposition that a violation of the FDCPA that is insufficient to support an award of actual or additional damages cannot support an award of costs and attorney's fees. *Johnson*, 80 F.3d at 151; *Dechert*, 441 F.3d at 475.

In *Johnson,* the district court ruled that defendant Eaton, a creditor's attorney, and White, his assistant, "violated the FDCPA by misrepresenting the amount of the

4

debt to Johnson and by contradicting the required disclosure of the 30-day validation period in the demand letter. Eaton also was found to have violated the FDCPA by omitting a required notice and by simulating a court document." *Johnson*, 80 F.3d at 151, fn. 1.  The jury imposed "additional damages" against attorney Eaton totaling $500, but no damages of any kind against White, *Johnson*, 80 F.3d at 151. After the district court imposed liability for attorney's fees and costs upon *both* defendants, the Fifth Circuit reversed as to White's liability, finding that because Johnson recovered neither actual nor statutory damages, there was no "successful" action.

> The *Johnson* court reasoned that:
>
> Johnson demonstrated that White had violated the FDCPA but failed to enforce any liability for actual or additional damages against [Defendant]. As a result Johnson does not meet the explicit requirements of § 1692k(a)(3) that she bring a "successful action to enforce the foregoing liability," in order to receive attorney's fees and costs. Johnson's argument that her success in establishing that White violated the FDCPA is enough ignores the plain language of the FDCPA.

*Id*. The court found that a reading of the FDCPA which mandates an automatic award of costs and fees without a predicate award of actual or additional damages "takes the language of the statute out of context and fails to give any meaning to the limiting phrase 'to enforce the foregoing liability.'"  *Id*.  The court ultimately concluded:

> A more plausible reading of the FDCPA which accounts for the statute's structure and its language is that the most a plaintiff can win is actual damages, additional damages and attorney's fees and costs.  However, this does not mean that every time a violation occurs, a plaintiff will win all three.  The language of the statute places explicit conditions on an award of additional damages which must be approved by the court and attorney's fees which are only available where plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages.

*Id*.

5

In *Dechert*, the Seventh Circuit confronted a case in which the plaintiff was awarded $1,000 in compensation for the defendant's failure to comply with a discovery order, Plaintiff abandoned any claim for statutory or additional damages, but pursued and won an award of about $60,000 in attorneys' fees and court costs based upon the allegedly "successful action." The Fifth Circuit reversed, refusing to permit an award of attorney fees and costs in an action where the plaintiff failed to recover damages:

> The plaintiff was entitled to an award of fees and costs only if his suit could be characterized as a "successful action to enforce the foregoing liability," 15 U.S.C. § 1692k(a)(3), meaning liability for either actual or statutory damages. The general, indeed all but invariable, rule is that to be a prevailing party and therefore entitled to an award of fees and costs, you must obtain a judgment that provides you with formal relief, such as damages, an injunction, or a declaration that you can use if necessary to obtain an injunction or damages later, or must obtain a settlement that gives you similar relief.

*Dechert*, 441 F.3d at 475 (citations omitted).

The $1,000 in discovery sanctions "did not enforce any liability under the Fair Debt Collection Practices Act", *Id.,* and did not form a predicate for an award of fees and costs.

This court finds persuasive the analysis and reasoning of the Fifth and Seventh Circuits as explained above, as they more properly construe the FDCPA. Plaintiff's proposed interpretation of the statute, calling for an essentially mandatory award of attorney's fees despite a plaintiff's failure to recover any damages, fails to effectuate the limiting phrase "in the case of any successful action to enforce the foregoing liability." 15 U.S.C. § 1692k(a)(3). The court agrees with the *Johnson* court's observation that allowing attorney's fees in a case where no damages were awarded "reward[s] lawyers for bringing suits to stop behavior that, by definition, has caused legal injury to no one."

6

*Johnson*, 80 F.3d at 151. Rather, interpreting the statute, in accordance with its plain language, to require that damages be recovered in order to award attorney's fees requires "attorneys to look for more than a technical violation of the FDCPA before bringing suit and will deter suits brought only as a means of generating attorney's fees." *Id.*[1] For these reasons, an award of attorney's fees and costs in a case in which the plaintiff has failed to establish any damages is inappropriate and unwarranted. Plaintiff in the instant case did not bring a "successful action" under the FDCPA.

### 2. Measurement of Reasonable Attorney's Fees

Even if the court concluded that an award of attorney's fees in this matter is proper, a "reasonable" fee in this matter would be no fee at all. If the court determines that a plaintiff is a "prevailing party" or, in this case, that her lawsuit is a "successful action," the next task is to determine what measure of fee is reasonable under the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The "lodestar" approach is the proper method for determining the amount of reasonable attorney's fees. *Id.* at 432; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 432). A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Hensley*, 461 U.S. at 433-34. However, a district court, after considering the amount and nature of the damages awarded, "may award low fees or no fees without reciting the 12 factors

---

[1] Defendant has submitted an unopposed affidavit by its attorney, Dawn Weier, in which she avers that Plaintiff's counsel told her that so long as his client was awarded 50 cents, he could recover his attorney fees. (Def.'s Ex. 15.) The court need not, and does not decide whether a 50 cent recovery would be considered a "successful action" such as to allow counsel recovery of his fees.

7

bearing on reasonableness" or calculating the lodestar figure. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Even if Plaintiff were considered a prevailing party, the vital question implicated is whether Plaintiff's success can be characterized as technical or *de minimis*. The Supreme Court's opinion in *Farrar*, which dealt with a civil rights action under 42 U.S.C. § 1983, is particularly applicable. In *Farrar*, the Court upheld the denial of attorney's fees and costs despite the fact that Plaintiff qualified as a "prevailing party" by virtue of a nominal recovery. *Id*. at 116. The Court reasoned that "the most critical factor in determining the reasonableness of a fee award is the degree of overall success obtained." *Id*. at 103 (citing *Hensley*, 461 U.S. at 436). The Court further reasoned that when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." The Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all." *Id*. at 115 (internal citations omitted).

Plaintiff's request for over $31,000 in attorney fees is patently unreasonable under the circumstances of this case and the vaporous "success" obtained for his client which failed to persuade the jury that even nominal damages should be awarded. Any success was limited to the jury's determination that the Defendant had violated the FDCPA in only two of nine asserted violations, and the jury found that Defendant had made a bona fide error with respect to one of those violations. The jury further determined that Plaintiff had failed to establish any damages and awarded none. Even

8

if Plaintiff were deemed to have asserted a "successful action to enforce the foregoing liability," 15 U.S.C. § 1692k(a)(3), the court finds that, consistent with the reasoning expounded in *Farrar,* the only reasonable fee in this matter is zero. To the extent that Plaintiff may be considered to have asserted a "successful action", her victory is of such a technical and/or *de minimis* nature that any award of costs and fees in this matter is unwarranted.[2]

Plaintiff's petition will therefore be denied.

### III. DEFENDANT'S PETITION

### A. Standard

Federal Rule of Civil Procedure 68 permits a party defending against a claim to make a pretrial offer of judgment. If the offeree does not accept such an offer and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d); *Pouillon v. Little*, 326 F.3d 713, 718 (6th Cir. 2003). The *Pouillon* court described Rule 68 as follows:

> Rule 68 encourages early settlements by increasing the risks to claimants of continuing to litigate once the defending party has made a settlement offer. If the claimant does not accept the offer within ten days, then even if the claimant eventually prevails in the litigation, he will be forced to pay his own and the defending party's post-offer costs if his victory is not more

---

[2] Moreover, defense counsel Weier has averred that at the time of meeting to confer and prepare the proposed jury instructions, Plaintiff's counsel stated that he had not yet even met his client in person. (Def.'s Ex. 15.) It appears that Plaintiff's counsel engages in a form of mass-production litigation, in which he does very little case-specific lawyering, and much cutting and pasting of boilerplate allegations that parrot provisions of the statute. (*See, e.g.*, Compl. at ¶ 22 (referring to Defendant by the incorrect name).) This observation further supports a conclusion that very little attorney time of any real value was devoted to the preparation of this case, and a concomitant substantial reduction of any proffered attorney fees.

9

> favorable than the offer. Although normally a district court's award or denial of costs is reviewed for abuse of discretion, Rule 68's language is mandatory and leaves a district court without any discretion.

*Pouillon*, 326 F.3d at 718 (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989)). The clear purpose of Rule 68 is to "encourage settlement and avoid litigation." *Marek v Chesney*, 473 U.S. 1, 5 (1985). The rule requires both parties to "evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991) (quoting *Marek*, 473 U.S. at 5).

### B. Discussion

### 1. Rule 68

In order to determine whether to award costs under Rule 68, the court must compare the offered judgment with the received judgment. The current dispute revolves around the correct calculation of the "the judgment that the offeree finally obtains" under Rule 68. Defendant argues that the judgment Plaintiff obtained was zero, while Plaintiff contends that the court should calculate the final judgment amount as the jury award plus Plaintiff's pre-offer attorney fees and costs.

The Supreme Court addressed this issue in *Marek*. Specifically, the Court held that while a plaintiff's post-offer fees should not be included in the final judgment amount, pre-offer fees and costs should be included in the calculus under Rule 68. *Marek*, 473 U.S. at 7. The Fourth Circuit has also held that "the judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer." *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993).

Here, the analysis is straightforward. Plaintiff ultimately received zero damages which is, of course, less than the offered $1,000 judgment. Plaintiff argues, however, that Defendant is not entitled to post-offer costs and fees despite the fact that the jury awarded no damages. Plaintiff claims that she had already incurred $2,388.50 in costs and fees[3] before the offer of judgment was filed. Relying on *Marek* and *Marryshow*, Plaintiff argues that the court must add this amount to the jury award in order to arrive at "the judgment that the offeree finally obtains" under Rule 68. The court disagrees with this entirely circular argument. Plaintiff's argument assumes that a court must award the full amount of the claimed costs and fees, but in doing so ignores the plain language of the relevant case law as explained above.

*Marek* and *Marryshow* stand for the proposition that the court must add to the jury award only those pre-offer costs and fees that are *actually awarded* in order to determine if Plaintiff's recovery is "more favorable than the unaccepted offer." Fed. R. Civ. P. 68. Because, as stated above, Plaintiff's petition for attorney's fees is unfounded, there exist no costs or fees to "add" to Plaintiff's zero-dollar recovery. The math, therefore, is simple; to calculate "the judgment the offeree finally obtain[ed]," the court must add zero (Plaintiff's ultimate recovery) to zero (the reasonable attorney's fees actually awarded). Under *Marek* and *Marryshow*, the judgment Plaintiff finally obtained in this matter was nothing.[4] As her ultimate recovery of nothing is certainly

---

[3]Specifically, Plaintiff contends that prior to the offer of judgment she incurred $1,962.50 in fees and $426 in costs.

[4] Putting aside the case law of *Marek* and *Marryshow* (and what could appear to be a rather obtuse legal and mathematical equation), a plain reading of Rule 68 yields the same result. Plaintiff was awarded no money by either the jury or the court. Thus, the judgment she finally obtained is zero. The court's conclusion above is therefore supported by the plain language of the rule, Supreme Court precedent and, indeed,

11

less favorable than Defendant's offer of judgment, the Plaintiff is liable to Defendant for its post-offer costs and fees pursuant to Rule 68. Indeed, "[t]he district court retains no discretion under Rule 68 to alter the rule's sometimes severe application. Operation of Rule 68 is mandatory." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 295 (6th Cir. 1989). The only remaining decision is the calculation of costs and attorney's fees.

### B. Reasonable Attorney's Fees

As stated above, the "lodestar" approach is the proper method for determining the amount of reasonable attorney's fees. *Hensley*, 461 U.S. at 432. The lodestar amount is found by multiplying the reasonable number of hours billed by a reasonable billing rate. *Id.* at 433-34. "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed." *Id.* That amount can then be adjusted based upon twelve factors bearing on reasonableness.[5] *Id.* at 430 n.3.

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience,

---

common sense.
[5] Once the lodestar is calculated, the fee may be adjusted in consideration of the following twelve factors: (1) time and labor, (2) difficultly of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and the results obtained, (9) the attorney's experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

and reputation." *Id.* at 896 n.11. An attorney's fee award must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id.* (internal quotations and citations omitted).

In calculating a reasonable hourly rate, the court considers "prevailing market rates in the relevant community" of metro-Detroit, Michigan. *Id.* at 897; *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted) ("[W]hen a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by the lawyer primarily in an alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction.").

Defendant seeks to recover attorney's fees for work performed by attorneys from Steven Spender, Dawn Weier and Mark Ross. Managing partner Spender charged Defendant $250 per hour for his services. Associate attorneys Weier and Ross charged $175 per hour for their services. Compared to the average rate for the Detroit market, the attorneys' requests constitute a fair billing rate for fee award purposes. Additionally, these rates are comparable to other fee awards granted in this district. *See Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032 (E.D. Mich. Mar. 8, 2005) (finding reasonable attorney hourly rates of $200 and $250); *Disabled Patriots of Am. v. Romulus Nights Inc.*, No. 04-60258, 2005 WL 3132206 (E.D. Mich. Nov. 22, 2005) (awarding attorney's fees based on rates ranging from $188-$290); *Fuhr v. Sch. Dist. of Hazel Park*, 131 F.Supp. 2d 947 (E.D. Mich. 2002) (finding reasonable the requested $275 hourly rate).

After carefully reviewing the affidavits and comprehensive timesheets, the court finds that the number of hours Defendant's attorneys have spent in this matter is reasonable. The hours claimed are neither vaguely documented nor excessive, and were expended as a direct consequence of Plaintiff's decision to reject Defendant's offer of judgment. The court will reduce the attorney's fee award only slightly. Defendant requested a total of $43,915.00 in attorney's fees; however, this amount included "estimated attorney fees incurred in relation to preparation and court appearance at oral argument in connect with" the parties' cross motions for attorney's fees. (Def.'s Pet. at 5, n.1.) Because the court will not conduct a hearing on either of the two attorney's fee motions, the court will reduce the total award to the amount actually expended, without the "estimated" fees to prepare for the unnecessary hearing. Accordingly, the court will award $38,215.00 in attorney's fees.

In the fee affidavits, Defendant also requests costs other than attorney's fees incurred. Defendant submits that it incurred a total of $1,403.85, including $286.60 for Westlaw legal research, $768.55 for court reporting services, $330.70 for lodging, and $18.00 for parking. The court finds that these additional legal costs were reasonably incurred as a result of Plaintiff's failure to accept the offer of settlement, and are properly awarded.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff Veronica Pietrowski's November 27, 2007 petition for attorney fees [Dkt. # 54] is DENIED.

IT IS FURTHER ORDERED that Defendant's petition for attorney fees [Dkt. # 57] is GRANTED. Plaintiff Veronica Pietrowski shall pay Defendant Merchants & Medical

Credit Corporation $38,215.00 in reasonable attorney's fees and $1,403.85 in

reasonable costs incurred.

                                     S/Robert H. Cleland  
                                     ROBERT H. CLELAND  
                                     UNITED STATES DISTRICT JUDGE

Dated: July 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 25, 2008, by electronic and/or ordinary mail.

                                     S/Lisa Wagner  
                                     Case Manager and Deputy Clerk  
                                     (313) 234-5522