**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

VERONICA PIETROWSKI,

       Plaintiff,

v.                                        Case No. 06-12718

MERCHANTS MEDICAL CREDIT
CORPORATION,

       Defendant.
       _____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND VACATING IN PART THE COURT'S "OPINION
AND ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES
AND GRANTING DEFENDANT'S PETITION FOR ATTORNEY FEES"**

Pending before the court is Plaintiff Veronica Pietrowski's motion for reconsideration, filed August 3, 2008. On August 12, 2008, the court ordered a response by Defendant Merchants Medical Credit Corporation. The parties have now briefed the matter, and the court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(g). For the reasons stated below, the court will grant Plaintiff's motion for reconsideration.

**I. BACKGROUND**

This matter involved litigation undertaken pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* In her complaint, Plaintiff alleged that Defendant committed several violations of the FDCPA when Defendant attempted to recover an outstanding debt of Plaintiff for hospital services. Before the case proceeded to trial, Defendant made an offer of judgment pursuant to Federal Rule of

Civil Procedure 68[1] in the amount of $1,000.00.  Defendant specified that $500.00 of that amount represented Plaintiff's alleged damages and that $500.00 represented attorney fees.  Plaintiff rejected Defendant's offer of judgment, and the matter proceeded to trial.  Following trial, the jury found against Defendant and in favor of Plaintiff.  However, despite finding that Defendant had committed two violations of the FDCPA, the jury ultimately awarded Plaintiff zero damages.  Subsequent to the jury's findings, both parties filed motions for attorney fees: Plaintiff claimed that as the prevailing party she was entitled to $30,640.75 in attorney fees and $590.75 in costs; pursuant to Rule 68, Defendant claimed $43,915.00 in attorney fees and $1,403.85 in costs.  This court, in its July 25, 2008 "Opinion and Order Denying Plaintiff's Petition for Attorney Fees and Granting Defendant's Petition for Attorney Fees," denied Plaintiff's motion and granted Defendant's motion, holding that Plaintiff had not brought a "successful action to enforce" the FDCPA as required by the statute such that Plaintiff was entitled to costs and attorney fees.  (7/25/08 Order at 6-7.)  The court further found that Defendant was entitled to costs and attorney fees pursuant to Rule 68 because Plaintiff recovered damages in an amount less than that of the offer of judgment.  (7/25/08 Order at 11-12.)

In her motion for reconsideration, Plaintiff points to *Marek v. Chesny*, 473 U.S. 1 (1985), and argues that the court should determine that attorney fees are not properly awardable to Defendant pursuant to Rule 68.  (Pl.'s Mot. at 7.)  Plaintiff contends that

---

[1] The Rule states in relevant part: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).

*Marek* requires a court to look to the statute underlying a claim to determine whether, for purposes of Rule 68, attorney fees are authorized. (Pl.'s Mot. at 8.) In response, Defendant maintains that the FDCPA defines attorney fees as part of costs such that the court was correct to award attorney fees to Defendant. (Def.'s Resp. at 8.)

## II.  STANDARD

Motions for reconsideration are properly heard under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, Eastern District of Michigan Local Rule 7.1(g) provides that, "without restricting the court's discretion," a motion for reconsideration will not be granted unless the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication,

will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

Plaintiff argues that a "palpable defect" misled the court regarding which costs and attorney fees are awardable pursuant to Rule 68. (Pl.'s Mot. at 5-6.) Plaintiff argues that Defendant cannot recover attorney fees for an FDCPA claim under Rule 68 because the FDCPA allows recovery of attorney fees by a Defendant only if the court finds that a case was brought "in bad faith and for the purpose of harassment," 15 U.S.C. § 1692k(a)(2)(A)(3), and no such finding was made in this case. (Pl.'s Mot. at 9-10.) In response, Defendant argues that no palpable defect misled the court because, under the applicable statute, awards of attorney fees are included as costs such that Defendant was entitled to attorney fees and costs pursuant to Rule 68.[2]

The court outlined much of the relevant background law for award of attorney fees in its July 25, 2008 order. The "American Rule" generally precludes the award of attorney fees to litigants, thus requiring each party to bear its own costs of litigation and carefully consider the costs of bringing a lawsuit. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). In certain specific areas of the law,

---

[2] Defendant also argues that Plaintiff cannot now bring a motion for reconsideration because Plaintiff waived her ability to object to Defendant's December 5, 2007 petition for costs and attorney fees when Plaintiff did not file a response to Defendant's petition. (Def.'s Resp. at 5.) Plaintiff, however, did apparently file a document entitled, "Plaintiff's Reply to Defendant's Response to Plaintiff's Fee Application," on December 19, 2007. In substance the "Reply" appears to address both Defendant's response to Plaintiff's petition and Defendant's own December 5, 2007 petition. Therefore, Plaintiff did respond to Defendant's petition, and Defendant's argument will not preclude the court's consideration of Plaintiff's motion for reconsideration.

4

however, Congress has enacted statutes permitting the award of attorney fees. *Id.* at 254-55. Each statute that permits recovery of attorney fees has its own specific set of provisions regarding the requirements for such an award. *Id.* at 260. Usually statutes award attorney fees to the prevailing party, and only rarely has Congress permitted recovery of costs and attorney fees by a non-prevailing party. *Marek*, 473 U.S. at 9. But Rule 68 contemplates such awards in certain limited circumstances because of countervailing concerns regarding settlements. *See* Fed. R. Civ. P. 68(d); *Marek*, 473 U.S. at 9.

Because the drafters of the Federal Rules of Civil Procedure desired to facilitate and encourage settlements, Rule 68 provides a fee-shifting provision which compels parties to think carefully about an offer of judgment before rejecting it. If a party rejects an offer of judgment, proceeds to trial, and receives an award less than the offer of judgment, that party will bear the post-offer costs of the opposing party. Fed. R. Civ. P. 68(d). In the instant case, because Plaintiff rejected an offer of judgment for $1,000.00, proceeded to trial, and received zero in damages, costs, and fees,[3] Plaintiff recovered an amount less than the Rule 68 offer.[4] *See* Fed. R. Civ. P. 68(d) ("If the judgment that

---

[3] "[T]he judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer." *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993). Plaintiff received zero in actual costs and attorney fees from the court. (7/25/08 Order at 9.) Therefore, Plaintiff's award for the purposes of a Rule 68 comparison of damages awarded and offer of judgment is zero damages and zero in actual costs and attorney fees awarded.

[4] In her motion for reconsideration, Plaintiff argues that a non-prevailing party can never recover attorney fees. (Pl.'s Mot. at 7.) In response, Defendant states that Defendant is the prevailing party. (Def.'s Resp. at 8.) Both parties' contentions fail to argue the relevant issue. Rule 68's very purpose is to allow recovery by a non-

5

the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Awards pursuant to Rule 68 leave no discretion to the court; a court must award the appropriate post-offer costs. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989) ("The district court retains no discretion under Rule 68 to alter the rule's sometimes severe application. Operation of Rule 68 is mandatory.").

The Supreme Court discussed the application of Rule 68 in its decision in *Marek*, providing further guidance to trial courts in adjudicating the mandatory Rule 68 awards. To clarify confusion regarding whether attorney fees were a part of the "costs" awardable pursuant to Rule 68, the Court stated:

> Against the background of varying definitions of "costs," the drafters of Rule 68 did not define the term; nor is there any explanation whatever as to its intended meaning in the history of the Rule.
>
> In this setting, given the importance of "costs" to the Rule, it is very unlikely that this omission was mere oversight; on the contrary, the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for the purposes of Rule 68.

473 U.S. at 9. Accordingly, lower courts should look to the statute at issue in a case to determine whether the statute defines "costs" to include attorney fees such that "costs" awardable pursuant to Rule 68 therefore include attorney fees. *Id.* The *Marek* court examined whether an action pursuant to 42 U.S.C. § 1983 included attorney fees in its

---

prevailing party if the prevailing party received an award following trial in amount less than the non-prevailing party's offer of judgment.

definition of "costs." *Id.* Section 1988 of Title 42 provides that a court may award "the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The *Marek* Court held that, with respect to § 1983 claims, a party could recover attorney fees as a part of "costs" pursuant to Rule 68(d) because the relevant statute defined "costs" to include attorney fees. *Id.*

Just as the *Marek* court examined § 1988 to determine whether "costs" was defined to include attorney fees, this court must address whether "costs" as used in the FDCPA was defined to include attorney fees such that attorney fees are properly awardable pursuant to Rule 68(d). *See Marek*, 473 U.S. at 9 (citing *Fulps v. City of Springfield, Tenn.*, 715 F.2d 1088, 1091-1095 (6th Cir. 1983)). The court looks to the plain meaning of the language used in the statute, *see Marek*, 473 U.S. at 9, and in doing so finds it clear that the FDCPA discusses costs and attorney fees separately. The statute states that "in the case of any successful action to enforce the foregoing liability, the costs of the action, *together with* a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(2)(A)(3) (emphasis added). The statute is quite obvious in separating the concept of "costs" from that of "attorney's fee" by using the conjunctive phrase "together with," rather than using a phrase or term indicating inclusion.[5] While a connective relationship does exist between the terms "costs" and "attorney fees," it is not a hierarchical one in which attorney fees is a subset of costs. "Costs" does not incorporate "attorney fees."

---

[5] A court would no doubt readily accept as language indicating inclusion phrases such as "an attorney's fees *as a part of* the costs" or "costs, *including* an attorney's fees."

7

Furthermore, in contrast to the language of the FDCPA, § 1988 permits recovery of "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "[A]s part of" denotes an inclusive relationship that is absent in the language of the FDCPA. In addition, other federal courts that have interpreted language similar to that of the FDCPA definition of "costs," have found the language to not include attorney fees. *See, e.g., Cooper v. Verifications, Inc.*, No. 04-385, 2008 WL 5332190, *5 (N.D. Ind. Dec. 18, 2002) (finding that statutory language that allows recovery of "the costs of the action together with reasonable attorney's fees" defines "costs" as non-inclusive of attorney fees such that attorney fees are not recoverable pursuant to Rule 68(d)).

Because the FDCPA defines "costs" without including attorney fees,[6] such fees cannot be recovered in an FDCPA action pursuant to Rule 68. *See Marek*, 473 U.S. at 9; *Cooper*, 2008 WL 5332190, *5. Awards of costs under Rule 68 are not a matter of discretion for the court, and the court must accordingly ensure that a party is awarded the correct amount in costs pursuant to the Rule. *See Hopper*, 867 F.2d at 295 (stating that awards pursuant to Rule 68(d) are mandatory). Awards of attorney fees for

---

[6] The FDCPA does, however, include a specific provision permitting costs *and* attorney fees to a defendant under some circumstances: "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(2)(A)(3). Plaintiff argues in her motion that the court has not made the required finding of "bad faith" as a predicate for Defendant here to be awarded § 1692k(a)(2)(A)(3) attorney fees. However, as discussed above, the absence of bad faith is not the relevant inquiry to determine the outcome of this matter.

defense of a FDCPA action under Rule 68 are not among the forms of relief that the court may grant.[7]

The court is persuaded that its July 25, 2008 order contained a "palpable defect" the correction of which would "result in a different disposition of the case." *See* E.D. Mich. LR 7.1(g)(3). The court limited its previous inquiry to the threshold question of whether Defendant met the requirements for an award of "costs" pursuant to Rule 68. Neither party briefed the court regarding precisely which "costs" were awardable if the court found that Rule 68 applied. Indeed, Plaintiff focused her argument on whether Rule 68 applied to this case at all, neglecting to argue that even if the court did find that it applied, that "costs" could not include attorney fees. (Pl.'s "Reply" at 2.)

More troubling to the court, however, is Defendant's original argument for an award of attorney fees. Defendant presented *Marek* as if it held that Rule 68 always allowed for awards of attorney fees. (Def.'s Pet. at 4.) Having now addressed the issue of which "costs" are awardable for an FDCPA action under Rule 68, the court finds that a "palpable defect," the correction of which "will result in a different disposition of the case," misled the court in awarding attorney fees to Defendant in the court's July 25, 2008 order. *See* E.D. Mich. LR 7.1(g)(3). Accordingly, the court will grant Plaintiff's motion for reconsideration.

---

[7] "Costs" previously awarded to Defendant, however, do constitute relief required under Rule 68(d). Therefore, the court's award of costs to Defendant in the court's July 25, 2008 was proper, and this order does nothing to alter that award.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the Plaintiff's motion for reconsideration [Dkt. # 61] is GRANTED.

IT IS FURTHER ORDERED that the court's July 25, 2008 "Opinion and Order Denying Plaintiff's Petition for Attorney Fees and Granting Defendant's Petition for Attorney Fees" [Dkt. # 59] is VACATED IN PART.  It is VACATED to the extent that it awards attorney fees to Defendant.  An amended judgment will issue.


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522